# United States Court of Appeals for the Federal Circuit

---

**COMMIL USA, LLC,**
*Plaintiff-Appellee,*

**v.**

**CISCO SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2012-1042

---

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0341, Magistrate Judge Charles Everingham.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, filed a petition for defendant-appellant. With him on the petition were MARK C. FLEMING, JONATHAN W. ANDRON and FELICIA H. ELLSWORTH; and WILLIAM G. MCELWAIN, of Washington, DC. Of counsel on the petition were HENRY B. GUTMAN, Simpson Thacher & Bartlett LLP, of New York, New York; and JEFFREY E. OSTROW, HARRISON J. FRAHN, IV, PATRICK E. KING, and JONATHAN SANDERS, of Palo Alto, California.

MARK S. WERBNER, Sayles Werbner, P.C., of Dallas, Texas, filed a response to the petition for plaintiff-appellee. With him on the response were RICHARD A. SAYLES and MARK D. STRACHAN. Of counsel on the response were LESLIE V. PAYNE, NATHAN J. DAVIS and MIRANDA Y. JONES, Heim, Payne & Chorush, of Houston, Texas.

ROBERT L. KINDER JR., Dickstein Shapiro LLP, of Washington, DC, for amici curiae SAP America, Inc. and SAS Institute Inc. in support of the petition for rehearing en banc. With him on the brief were JEFFREY K. SHERWOOD; and DAWN L. RUDENKO, of New York, New York.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, and CHEN, *Circuit Judges*.[1]

NEWMAN, *Circuit Judge*, with whom RADER, *Chief Judge,* REYNA and WALLACH, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

PER CURIAM.

---

# ORDER

A combined petition for panel rehearing and rehearing en banc was filed by defendant-appellant, and a response thereto was invited by the court and filed by plaintiff-appellee. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the

---

[1] Circuit Judge Hughes did not participate.

petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of defendant-appellant for panel rehearing is denied.

(2) The petition of defendant-appellant for rehearing en banc is denied.

(3) The mandate of the court will issue on November 1, 2013.


FOR THE COURT



October 25, 2013                    /s/ Daniel E. O'Toole
        Date                            Daniel E. O'Toole
                                        Clerk

# United States Court of Appeals
# for the Federal Circuit

---

**COMMIL USA, LLC**,
*Plaintiff-Appellee,*

**v.**

**CISCO SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2012-1042

---

Appeal from the United States District Court for the Eastern District of Texas in No. 07-CV-0341, Magistrate Judge Charles Everingham.

---

NEWMAN, *Circuit Judge*, with whom RADER, *Chief Judge*, REYNA and Wallach, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

By decision issued June 25, 2013, a split panel announced a change in the law of induced infringement, creating a new rule of law whereby an adjudged inducer of infringement is absolved of liability for infringement if the infringer had a "good faith belief" that the patent it infringed was invalid. This absolution applies, according to the panel majority, although the patent has a statutory presumption of validity, and validity of the patent is litigated and sustained. I explained, in my dissenting opinion, why this position is contrary to law and precedent. And I took some comfort from the protocol that a

panel cannot change the law established by decisions of the court; only the en banc court can do so.

Indeed, it is not "axiomatic that one cannot infringe an invalid patent" as the majority opinion states. Precedent is contrary. *See Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity."); *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F. 2d 1524, 1535 (Fed. Cir. 1987) ("The single instruction to the jury that invalid claims cannot be infringed (a nonsense statement), one of many on supposed general principles of patent law, does not operate to convert the interrogatories on infringement into general verdicts which subsumed all of Spectra's invalidity defenses, including best mode.") If the court now wishes to change this law, it must be done en banc. It disserves the public, and diminishes the court, to continue to issue conflicting statements.

Now, however, the full court's majority refusal of en banc review of the panel's ruling adds uncertainty to the law and its application. Investors, competitors, and trial courts cannot be confident as to the law that will be applied by the Federal Circuit. Such destabilization is a disservice not only to patentees but also to the public that benefits from technological advance. A court's creative judicial rulings are readily clarified; our refusal to do so in patent cases not only spawns avoidable litigation but also is a disincentive to industrial innovation.

To compound the inequity, here the panel majority, on remanding for retrial of infringement with the defense that the infringer believed the patent to be invalid, nonetheless does not permit retrial of validity. In the posture of the remand, the prior jury verdict of validity is the law-of-the-case. However, the issues of infringement and validity are interwoven in the new defense of subjective

"belief", and the restricted remand procedure can impart "confusion and uncertainty, which would amount to a denial of a fair trial." *Anderson v. Siemens Corp.*, 335 F.3d 466, 475–76 (5th Cir. 2003). It is only fair that the new jury, at a new trial for determination of this "belief", receives full evidence of the premises. At a minimum, the panel's instructions for limited retrial should receive en banc review.

Thus I must, respectfully, dissent from denial of the request for rehearing en banc.